UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| DANIEL WILLIAM TEAL, | ) | |
| Petitioner, | ) | Civil Action No. |
| | ) | 5: 14-230-JMH |
| v. | ) | |
| FRANCISCO QUINTANA, WARDEN, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Daniel William Teal is an inmate confined in the Federal Medical Center located in Lexington, Kentucky. Proceeding without counsel, Teal has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug and firearm convictions. [R. 1]. Teal has paid the $5.00 filing fee. [R. 4].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Teal's petition under a more lenient standard because he is not represented by an

attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes Teals' legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the habeas petition, the Court must deny it because Teal cannot pursue his claims under 28 U.S.C. § 2241.

## BACKGROUND

On March 13, 2008, Teal pleaded guilty in a Missouri federal court to conspiracy to distribute 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and to carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *United States v. Daniel William Teal*, No. 07-275-CR-W-NKL (W. D. Mo. 2007) [R. 42, therein; *see also* R. 44, therein (April 1, 2008, Order accepting Teal's guilty plea and adjudicating him guilty)]. On October 23, 2008, the district court sentenced Teal to a 120-month prison term on the drug offense and to a consecutive 60-month prison term on the firearm offense. [R. 61, therein]. Teal did not appeal his sentence.

On November 25, 2009, Teal filed a motion to vacate his sentence under 28 U.S.C. § 2255*. Daniel W. Teal v. United States of America*, No. 09-1014-CV-NKL-P (W.D. Mo., 2009) [R. 1,

2

therein][1]  On January 20, 2010, the district court dismissed Teal's § 2255 motion, finding that Teal had until November 6, 2009, in which to file a timely §2255 motion; that Teal's § 2255 motion was time-barred by nineteen days, and that Teal had not shown any extraordinary circumstances to excuse his late filing. [R. 8, therein]  Teal appealed, but the Eighth Circuit Court of Appeals denied him a certificate of appealability.  [R. 16, therein; *see also Teal v. United States of America*, No. 10-1797 (8th Cir. Jul. 7, 2010)]  The Eight Circuit's mandate issued on September 1, 2010.  [R. 17, therein]

**CLAIMS ASSERTED IN THE § 2241 PETITION**

In his § 2241 petition, Teal contends that after his trial, he discovered evidence that "…cast very serious doubt on the credibility of the Government's testifying witness, Brad Smith," [R. 1, p. 2], and further claims his conviction was based "…on fabricated evidence, that if viewed in light of the new evidence, old and new, 'it is more than likely than not that no reasonable juror would have found the Petitioner guilty beyond a reasonable doubt.'"  [*Id.*].  In support of this claim, Teal cites *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).  In *McQuiggin*, the Supreme Court recognized that the actual innocence gateway to federal habeas review developed in *Schlup*

---

[1] Teal's §2255 motion was not docketed in the district court's record until December 3, 2009.

3

*v. Delo*, 513 U.S. 298 (1995) and *House v. Bell*, 547 U.S. 518 (2006), extends to cases where the petition would otherwise be barred by the expiration of the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1998 ("AEDPA").

Teal provides no specific information identifying the new and/or fabricated evidence pertaining to Brad Smith, nor does he identify how much time passed after his trial before he discovered the new evidence pertaining to Smith. Teal alleges that the "Government's suppression of evidence" violated his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution, [R. 1, p. 4], but again, Teal does not identify what specific evidence the government, and/or the Missouri district court, allegedly suppressed.

On page eight of his § 2241 petition, Teal states that the indictment charging him with conspiracy was fundamentally defective because it was based only on information obtained from Brad Smith, a confidential informant for the government. [*Id.*, p. 8] Teal argues that based on long standing case law, a conspiracy conviction cannot be based solely on information obtained from a confidential informant, and that a lone defendant cannot criminally conspire with an agent or informant engaged by the government. [*Id.*].

4

Teal therefore contends that he is actually innocent of the drug and firearm offenses of which he was convicted, and that he is entitled to relief from his sentence under § 2241. He seeks an order vacating his conviction and sentence.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief

from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Teal is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Teal challenges the constitutionality of his underlying federal conviction on Fifth Amendment grounds under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making this claim because Teal has not demonstrated that his remedy under § 2255 in the district court

6

was an inadequate or ineffective means of challenging his federal detention.

Teal claims that the indictment charging him with drug conspiracy was fundamentally defective because it was based only on information obtained from a confidential government informant, and that unidentified evidence was "suppressed." Teal either was, or should have been, aware of the factual bases giving rise to both of these claims during his criminal proceeding. Teal claims that on the advice of his attorney he did not file a direct appeal of his sentence, but even accepting that claim as true, Teal could have, and should have, asserted a claim challenging the sufficiency of his indictment and the alleged suppression of evidence in a timely § 2255 motion. Teal did not, however, file a timely § 2255 motion. And as *Charles* counsels, a prisoner may obtain collateral under § 2241, through the savings clause of § 2255, when he had prior opportunity to assert a claim under § 2255, but failed to do so. *Charles*, 180 F.3d 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id*., at 758.

Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). To make a showing of actual innocence, the movant must allege a new rule

7

of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d at 307; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).

Teal contends that *McQuiggin* is a new rule of law which applies retroactively and which affords him relief from his sentence. The Supreme Court, however, gave no indication in *McQuiggin* that its holding applies retroactively to cases on collateral review. Therefore, the Court is unable to conclude that *McQuiggin* affords Teal any retroactive relief. Even assuming that *McQuiggin* applies retroactively, the case does not support Teal's argument on the merits.

In *McQuiggin*, the Supreme Court held that, in order to avoid a miscarriage of justice, a federal court may entertain a § 2254 petition (*i.e.*, a habeas application filed by a *state*

prisoner) if the petition states facts that could amount to a convincing claim of actual innocence even if the AEDPA's statute of limitations for such a petition has expired. *See McOuiggin*, 133 S. Ct. at 1934–35. That equitable exception applies only to a "severely confined category" of cases, namely, those matters where the petitioner produces new evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id*. at 1933 (quoting *Schlup*, 513 U.S. at 327)).

The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928, and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id*. at 1936 (quoting *Schlup*, 513 U.S. at 316); *see also Eberle v. Warden, Mansfield Correctional Inst.*, 532 F. App'x 605, 612-13 (6th Cir. 2013) (discussing strict standards for invoking relief under *McQuiggin* ).

Teal is not a state prisoner seeking to overcome the statute of limitations set forth in the AEDPA, but even assuming that *McQuiggin* applies to federal prisoners, Teal's § 2241 petition is devoid of specific factual allegations identifying

9

*what* new and evidence he allegedly discovered and *when* he allegedly discovered that new evidence, which he claims warrants granting him relief from his conviction and sentence.

For a petitioner to avail himself of the to the "actual innocence gateway" rule set forth in *McQuiggin*, his claims "must be both 'credible' and 'compelling.'" *Qadar v. United States*, No. 1:13-CV-2967, 2014 WL 3921360, at *6 (E.D.N.Y. Aug. 11, 2014) (citing *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012), and *House*, 547 U.S. at 521, 538). "For the claim to be 'credible,' it must be supported by new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence---that was not presented at trial." *Qadar*, at *6 (internal quotation marks and citation omitted). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt---or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Id*. (quoting *House*, 547 U.S. at 538).

In his § 2241 petition, Teal provides no credible and compelling evidence of the type described in *Qadar* which would demonstrate that he is actually innocent of the drug and firearm offenses of which he was convicted. The only claim which Teal

10

articulated in any detail is his allegation that the indictment was defective as to the drug conspiracy charge, but as noted, Teal could have, and should have, challenged the sufficiency the drug conspiracy indictment during his criminal proceeding, on direct appeal, or at the latest, in a timely § 2255 motion.

Numerous federal courts have been unwilling to allow prisoners to invoke *McQuiggin* absent compelling grounds substantiating a claim of actual innocence. *See Grifin v. Longley*, 548 F. App'x 146, 147 (5th Cir. 2013) (affirming dismissal of § 2241 petition under the "savings clause" because *McQuiggin* "do[es] not support a holding that [the petitioner's] claim is based on a retroactively applicable Supreme Court opinion indicating that he was convicted [in 1999] of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised."); *Tawalebeh v. Hollingsworth*, No. 1:14-CV-04759, 2014 WL 4053962, at *2 (D.N.J. Aug. 15, 2014) (rejecting a *McQuiggin* claim where "Petitioner does not dispute his participation in the events underlying his conviction, he is merely challenging a purely legal aspect. Nothing in *McQuiggin* provides a basis for relief when such claim is asserted: *McQuiggin* did not even have a reason to address this issue."); *Johnson v. Mejia*, No. 3:14-CV-0909, 2014 WL 2938081 (N. D. Tex. Jun. 27, 2014) (denying § 2241, because

"…nothing in *McQuiggin* decriminalizes the conduct for which Petitioner was convicted."); *Perry v. Walton*, No. 3:13-CV-0-CPJ, 2014 WL 1088410, at *3 (S.D. Ill. Mar. 14, 2014) (rejecting § 2241 petitioner's *McQuiggin* claim alleging that "unspecified fabricated testimony was given by law enforcement officers," finding that such an allegation "…does not make out a constitutional violation.")

Even more compelling is that Teal knowingly and voluntarily pleaded guilty to the drug conspiracy and firearm offenses; in fact, the district court entered an Order adopting a Magistrate Judge's recommendation that Teal's guilty plea was intelligent and voluntary. Teal's guilty plea dispels any notion that he is eligible to assert a viable claim of actual innocence under the *McQuiggin* rationale. *See Williams v. Holland*, No. 13-CV-239-GFVT, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014) (rejecting § 2241 petitioner's actual innocence claims based on *McQuiggin* where he had pleaded guilty to drug and firearm offenses); *Sidener v. United States*, No. 3:11-CV-03085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013) (rejecting *McQuiggin* claim because "Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence. Therefore, the actual innocence "gateway" for allowing consideration of otherwise time-barred claims is not available

in Petitioner's case."); *United States v. Cunningham*, No. H-12-3147, 2013 WL 3899335, at *4 n. 3 (S. D. Tex. July 27, 2013) (same, citing *McQuiggin*). Given these considerations, Teal simply has not alleged facts supporting a claim of actual innocence based on the rigorous and exacting standards set forth in either *McQuiggin*, or in its predecessor case, *Schlup*.

In summary, because Teal has not established a claim of actual innocence based on *McQuiggin*, he is not entitled to proceed under § 2241. The Court will deny his petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Daniel William Teal's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

4. That no certificate of appealability will issue.

This September 9, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge